NO. 07-04-0274-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 23, 2004
_____

JAIME CUELLAR, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48339-E; HON. ABE LOPEZ, PRESIDING
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Jaime Cuellar, Jr. appeals his conviction for possessing marijuana. His sole issue concerns whether the trial court erred in overruling his motion to suppress. He argues that it did because the consent to search his apartment was involuntarily given. We affirm the judgment.

### *Background*

At 1:00 p.m. on October 1, 2003, Officer Gregory Fisher observed a vehicle speeding. He followed it until it pulled into an apartment parking lot. As he was speaking to the driver, two individuals, one of whom was appellant, emerged from the apartment

building and approached the officer.  Appellant appeared to be disoriented, with glassy eyes, and did not respond well to questions.  At that point, Fisher requested backup assistance.  When Officer James Ingles arrived, Fisher asked him to speak with and identify appellant.

Ingles had appellant come to his patrol car and, when he got closer, Ingles noticed that his eyes were bloodshot and he had a strong odor of marijuana on his clothes.  The officer checked appellant's name and address and found that he had no outstanding warrants.

Upon Fisher's request that he see if he could obtain consent to search appellant's apartment, Ingles told appellant that he knew he had been smoking marijuana and asked if he had smoked it all.  When appellant replied in the affirmative, Ingles asked for permission to see if that was true.  Appellant agreed and took Ingles to his apartment.  There, the officer found more marijuana which appellant admitted was his.

### *Voluntariness of Consent*

In his sole issue, appellant argues that the trial court should have granted his motion to suppress because his consent was not voluntary since the totality of the circumstances indicated that he was not free to leave.  We review the trial court's ruling on a motion to suppress under the standard announced in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997).  In doing so, we give almost total deference to the trial court's findings of historical fact and review *de novo* its application of the law to the facts.  *Id.* at 89.

Appellant contests neither his initial detention by the officers nor their questioning of him.  However, he intimates that the officer had no right to ask him for consent to search.  We disagree because an officer may approach a citizen without probable cause or

2

reasonable suspicion to ask questions or obtain consent to search. *James v. State,* 102 S.W.3d 162, 173 (Tex. App.–Fort Worth 2003, pet. ref'd). The officer, however, may not indicate that compliance is required. *Hunter v. State,* 955 S.W.2d 102, 104 (Tex. Crim. App. 1997); *Middleton v. State,* 9 S.W.3d 428, 431 (Tex. App.–Houston [14th Dist.] 1999, no pet.). So, Ingles was free to solicit consent.

Next, appellant suggests that his consent was involuntary because he was not free to leave. Yet, that a person who consents to a search may have been in custody, handcuffed, or restricted in his movement does not necessarily mean that his consent was involuntary. *See Johnson v. State,* 68 S.W.3d 644, 653 (Tex. Crim. App. 2002); *Reasor v. State,* 12 S.W.3d 813, 818-19 (Tex. Crim. App. 2000); *Strauss v. State,* 121 S.W.3d 486, 493 (Tex. App.–Amarillo 2003, pet. ref'd). Nor does the failure to inform an accused that he can refuse to give consent automatically invalidate the consent. *Johnson v. State,* 68 S.W.3d at 653. Instead, all is dependent upon the totality of the circumstances and whether they permit a factfinder to reasonably conclude that the appellant's consent was voluntary, *i.e.* both knowing and free of coercion and duress. *Reasor v. State,* 12 S.W.3d at 817-18. Finally, testimony by an officer that no coercion was used in obtaining the consent is some evidence of its voluntariness. *Martinez v. State,* 17 S.W.3d 677, 683 (Tex. Crim. App. 2000).

Here, Ingles testified that appellant became fidgety and kept putting his hands in his pockets. Therefore, he conducted a pat-down search for weapons. Finding nothing, he asked for identification. Though appellant did not have any on his person, he informed the officer of his name and address. The officer then placed appellant in the back of the squad car while he ran a check for outstanding warrants. At no time was appellant handcuffed

or told that he was under arrest.

When it was determined that there existed no outstanding warrants against appellant, Ingles told this to Fisher, the other officer at the scene. He also disclosed that appellant smelled of marijuana. In response, Fisher told Ingles to see if he could obtain consent from appellant to search his apartment. Ingles then returned to his squad car, told appellant that he knew he had been smoking marijuana, and asked if he had smoked all of it. Appellant represented that he had. Then, the officer asked whether appellant would "mind if we go upstairs and check," to which appellant said: "'No. Come on.'" The officer denied exhibiting any weapons to appellant at the time. So too did he admit that he failed to tell appellant that appellant was free to refuse consent or that appellant would be arrested if contraband was found.

After appellant said "come on," the two approached a security door leading to the apartments. Appellant entered the requisite code, the door unlocked, and the two ran up to appellant's apartment on the third floor. At that time, according to Ingles, appellant opened the apartment door and "said 'come on' . . . search all you want." Ingles entered, along with Fisher and directed appellant to sit down while they searched. Appellant complied. Thereafter, the officers discovered marijuana on a television stand. When asked to whom it belonged, appellant replied that it was his.

Though possibly under the influence of marijuana, evidence reveals that appellant was able to respond to the officer's questions, correctly identify himself, operate a security touch pad, and run up three flights of stairs without problem. This provides basis upon which a factfinder could reasonably conclude that appellant had his faculties at the time. Moreover, twice inviting the officer to "come on" and then telling them at the door of the

4

apartment to "search all you want," when there is no evidence that anyone threatened appellant or presented a show of force, also provides basis upon which a factfinder could reasonably infer that appellant's consent to search the abode resulted not from coercion or duress but from a free and knowing choice. Thus, the trial court did not abuse its discretion in overruling the motion to suppress.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Justice


Do not publish.